### JOSEPH L. MOORE v. WILLIAM H. MIERS.

Submitted March 19, 1909—Decided June 7, 1909.

The declaration set up that the defendant, who was the secretary of the state council of a fraternal order, into which council plaintiff was entitled to admission, published the following oral statement concerning the plaintiff: "If they (meaning plaintiff) have the pass, they got it in some other way; they did not get it through me. There is a man by the name of S. who gets a copy of everything I send through the mails, but I don't know how they (meaning plaintiff and said S.) get it," meaning and insinuating that plaintiff had taken said password from the mails. *Held,* that the statement in question was not slanderous *per se,* either in direct language or by innuendo.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the plaintiff, *Spencer Simpson* and *George A. Enright.*

For the defendant, *Alan H. Strong* and *Theodore Strong.*

The opinion of the court was delivered by

PARKER, J. This is a suit for slander. The declaration alleges that the plaintiff was duly elected and qualified representative of Lincoln Council, No. 1, Junior Order of United American Mechanics, at the state council of the Junior Order of United American Mechanics, and being desirous of attending the said state council, obtained the current passwords from the secretary of the state council, and applied for admission at the meeting, and that the defendant being then and there the secretary of the state council, stated at that meeting, and at other places made the following statement concerning the plaintiff: "If they (meaning this plaintiff) have the pass, they got it in some other way; they did not get it through me. There is a man by the name of Smythe who gets a copy of

everything I send through the mails, but I don't know how they (meaning the plaintiff and said Smythe) get it," meaning and insinuating that said plaintiff had taken said passwords from the mails.

The second count is substantially the same, using the same words with the same innuendo.

Without reference to the question whether these words would be libelous if written, we have no hesitation in saying that they are not slanderous when spoken nor does the innuendo place any meaning in them which can be regarded as slanderous so that they are actionable. The words themselves import no more than that the information was procured in some other way than from the secretary, and that Smythe obtained a copy of what the secretary sent through the mails. There is nothing slanderous in this, for there is no charge of criminality or moral turpitude, and it is not pretended that the words are slanderous *per se* on any other of the recognized grounds. The innuendo does not help the matter, for all it charges is that the plaintiff took the passwords from the mails, which he might have done without any breach of the law. The case is controlled in our judgment by *McCuen* v. *Ludlum, 2 Harr.* 12, in which the plaintiff was postmaster and was charged with having broken open the defendant's letters in the post-office, and in which it was held by Chief Justice Hornblower that "The mere opening of letters, whether for the gratification of idle curiosity or as an act of wantonness, does not involve the idea of moral turpitude, or render a man infamous, in such a sense, as the law imputes to those terms, when it is settling the doctrine of slander at the common law."

There will be judgment for the defendant on the demurrer.